IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| VETERAN ENGINEERING GROUP, INC., *et. al.*, | * * * * | |
| Plaintiffs, | * * | Civil Action No. 11-cv-02530-AW |
| v. | * * | |
| CSI ENGINEERING, P.C., t/a CSI ENGINEERING, D.C., P.C., *et al.*, | * * | |
| Defendants. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>Memorandum Opinion</u>

Pending before the Court are: (1) Defendants CSI Engineering, P.C. t/a CSI Engineering, D.C., P.C. ("DC"), CSIE Corporation ("CSIE Corp."), CSI Engineering, VA, P.C. aka CSI Engineering, P.C. ("VA"), CSI Engineering Design Build ("Design Build"), and Officers and Shareholders of CSI Engineering, P.C. ("Officers and Shareholders")' motion to dismiss based on insufficient service of process, lack of jurisdiction, and lack of capacity to be sued, *see* Doc. No. 7; (2) Defendants DC, Debdas Ghosal ("Ghosal"), CSI Engineering, P.C., CSIE Corp., VA, Design Build, and Officers and Shareholders' motion to stay proceedings pending the outcome of a similar action between the parties filed prior to the instant action in the Circuit Court of Montgomery County, *see* Doc. No. 8; and (3) Plaintiffs' motion to remand, *see* Doc. No. 10.

Plaintiffs have not responded to either of Defendants' motions and have not filed a reply addressing Defendants' opposition to their motion to remand, and thus these matters are ripe. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court grants Defendants DC, CSIE Corp, VA, Design Build, and Officers and Shareholders' motion to

dismiss, grants the motion to stay by the two remaining Defendants, Ghosal and CSI

Engineering, P.C., and denies Plaintiffs' motion to remand.

## I.        Factual and Procedural Background

This case arises from a business dispute between two former business partners, Melvin D.

Foster and Debdas Ghosal, who created a business entity known as Veteran Engineering Group,

Inc. ("VEG"). Compl. ¶ 1. In or around May 2007, Plaintiff Foster and Defendant Ghosal agreed

to create VEG for purposes of selling and providing engineering services to the United States

Government. *Id.* Plaintiffs Foster and VEG claim that on or about December 2010, Foster

discovered gross financial irregularities with respect to the fiduciary obligations and

management of money belonging to them. Compl. ¶ 10. Plaintiffs claim that Defendants engaged

in, *inter alia*, misappropriation of VEG funds, fraudulent accounting practices, breach of

fiduciary duties, and breach of contract. *Id.*

The parties reaching an impasse, Defendant Ghosal filed an action for declaratory

judgment in the Circuit Court of Montgomery County on August 15, 2011. Defendant sought a

declaration that a prior agreement signed between the parties dispelled any and all claims

between them and that the accounting practices employed by VEG prior to execution of the

parties' agreement were valid and not fraudulent, and that Defendant did not appropriate any

funds. Two days later, Plaintiffs filed the instant action in the Circuit Court for Prince George's

County. *See* Doc. No. 1. Plaintiff alleges causes of action for intentional misrepresentation,

constructive fraud, concealment of material fact, tortious interference with contract, civil

conspiracy, breach of fiduciary duty, breach of contract, promissory estoppel, and accounting.

*See* Compl.

On September 7, 2011, Defendants removed this action to this Court.  *Id.* On September 14, all Defendants but two, Ghosal and CSI Engineering, P.C., filed a motion to dismiss based on insufficiency of service of process, lack of jurisdiction, and lack of capacity to be sued. *See* Doc. No. 7. That same day, all Defendants moved to stay this case pending the outcome of the first-filed declaratory judgment action brought by Defendant Ghosal in Montgomery County. *See* Doc. No. 8. Plaintiffs did not respond to these motions but instead filed a motion to remand this action, contending that the Court does not have diversity jurisdiction over this matter because there is not complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a) and (c). *See* Doc. No. 10. Plaintiffs have not filed a reply to Defendants' opposition to their motion to remand, and thus this matter is ripe.

## II.     Analysis

### A.     Motion to Remand

The Court will first consider Plaintiffs' motion to remand for lack of subject-matter jurisdiction. On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 701-2 (D. Md. 1997) (internal quotation omitted); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  The defendant must prove the existence of diversity jurisdiction by a preponderance of the evidence. *See Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 510 (D. Md. 2002).  In attempting to establish jurisdiction, information about the relevant factors regarding a party's "principal

place of business normally is available to it through its own corporate records." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper  § 3625 (1984).

In the instant action, neither party disputes that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Rather, the parties disagree as to whether complete diversity of citizenship exists between the parties. In Defendants' notice of removal, they state that Defendants are residents of Maryland, Virginia, and the District of Columbia, and that Plaintiffs are citizens of Georgia, residing in the City of Sugar Hill. *See* Doc. No. 1. ¶¶ 3-6. Plaintiffs VEG and Foster contend that while they are citizens of Georgia, VEG being incorporated in Georgia and Foster residing there, VEG's principal place of business and "nerve center" are located in Maryland, the same state in which Defendants Ghosal and CSI Engineering, P.C. reside.

Plaintiffs cite to several documents in support of their claim that VEG is a citizen of Maryland. First, they attach VEG's Georgia Corporate Income Tax forms which list VEG's Maryland address as its business address. *See* Doc. No. 10 Ex. 3. Second, they attach an employment offer made to VEG's Vice President which states that "you will work primarily at the VEG satellite office in Maryland". *See* Doc. No. 10 Ex. 1 at 4. Plaintiffs contend that this Vice President working out of Maryland is "responsible for all of the day to day decisions and operations" of VEG, and Maryland is thus the principal place of business of VEG.

Although Plaintiffs have established that the day-to-day operations of VEG occur out of its Maryland office, the Fourth Circuit determines a corporation's principal place of business by the place in which corporate policies are set and high-level, significant corporate decisions are made. *See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102-03 (4th Cir. 2011). Plaintiffs acknowledge that Foster, who is the President and sole shareholder of

VEG, hired VEG's Vice President from VEG's office in Georgia. *See* Doc. No. 10 Ex. 1.

Moreover, the employment offer attached by Plaintiffs refers to Maryland as a "satellite" office

and states that the Vice President "will be required to travel to VEG headquarters in Georgia".

*Id.* at 4. The employment offer also requires the Vice President to indicate his acceptance of the

offer by mailing the "Key Employee Agreement" to Plaintiffs' office in Georgia. The

employment offer goes on to list VEG's employment policies. *Id.* This document strongly

indicates that the VEG headquarters in Georgia "set corporate policies and oversee significant

corporate decisions" and serve as the principal place of business of VEG. *See Mountain State*

*Carbon*, 636 F.3d at 102.

Moreover, VEG listed the location of its principal office as being in Sugar Hill, Georgia

in its filing with the Maryland State Department of Assessment and Taxation. *See* Doc. No. 11

Ex. 2 at 2. Finally, Plaintiffs are simultaneously attempting to remove to federal court the action

brought by Defendants in Montgomery State Court. *See* Doc. No. 11 Ex. 3. Plaintiffs

acknowledge that "the operative facts and law with respect to both cases is identical." *See* Doc.

No. 10 at 5. Plaintiffs cannot claim that this action lacks complete diversity while simultaneously

attempting to claim complete diversity in a case involving the same parties, transactions and

occurrences. Accordingly, Plaintiffs' motion to remand is denied.


B.     Motion to Dismiss

Defendants DC, CSIE Corp., VA, Design Build, and Officers and Shareholders

(collectively, "Defendants")[1] have moved to dismiss Plaintiffs' claims against them for

---

[1]The Court notes that this motion has not been brought by Defendants Ghosal and CSI Engineering, P.C., who
Defendants acknowledge were properly served.

insufficiency of service of process, lack of jurisdiction, and lack of capacity to be sued, pursuant to Federal Rules of Civil Procedure 12(b)(2) through 12(b)(5).

First, Defendants contend that Defendant DC is merely a "trading as" entity for CSI Engineering, P.C., which was separately named in Plaintiffs' complaint and has been properly served. Defendants contend that DC's trade name was forfeited on November 9, 2009, and attached a record by the Maryland State Department of Assessments and Taxation evidencing as much. *See* Doc. No. 7 Ex. 3. Accordingly, the Court dismisses Plaintiffs' claims against DC based on lack of capacity to be sued, while retaining Plaintiffs' claims against CSI Engineering, P.C. For the same reason, the Court dismisses Defendant CSIE Corp, which Defendants have shown is yet another forfeited trade name. *See* Doc. No. 7 Ex. 4.

Plaintiffs have also sued VA, which is a dissolved entity of CSI Engineering, P.C. *See* Doc. No. 7 Ex. 5 (Maryland Department of Assessments and Taxation records reflecting VA's status as a dissolved entity). Accordingly, the Court dismisses VA from this action based on lack of capacity to be sued.

Plaintiffs have additionally sued CSI Engineering Design Build. Defendants contend that they are unaware of any such entity, and that to their knowledge and belief, no such entity exists. Defendants assume that Plaintiffs intended to name the entity known as CSI Design Build, P.C. Defendants contend that, pursuant to the District of Columbia's Department of Regulatory and Consumer Affairs records, CSI Design Build, P.C.'s resident agent is C T Corporation System, located at 1015 15th St., N.W., Suite 1000, Washington, DC 20005. Plaintiffs left a summons and process for Design Build at 10401 Willow Brook Drive, Potomac, Maryland 20854. Defendants contend that Plaintiffs had no basis to serve Design Build at this address, and Plaintiffs have not submitted any evidence or otherwise suggested that service was indeed properly executed on CSI

Design Build, P.C. Accordingly, the Court dismisses Design Build both because it is improperly named in Plaintiffs' complaint and because Plaintiffs failed to effect proper service upon it.

Likewise, Plaintiffs attempted to serve process upon Officers and Shareholders of CSI Engineering, P.C. by serving Mr. Anieerban Ari Ghosal ("Ari"). However, Ari is not authorized to accept service on behalf of other officers or shareholders of CSI Engineering, P.C. *See* Md. R. 2-124(b); *see also* Fed. R. Civ. P. 4(e). Plaintiffs do not address Defendants arguments or otherwise contend that service was properly effectuated upon Officers and Shareholders. Accordingly, the Court dismisses Officers and Shareholders from this action based on insufficiency of service of process. The Court notes that its dismissal of these five Defendants leaves only two Defendants as parties to this action: Debdas Ghosal and CSI Engineering, P.C.

C.      Motion to Stay

Having dismissed all Defendants except for Ghosal and CSI Engineering, P.C., the Court now considers Defendants' motion to stay this proceeding pending the outcome of the first-filed and largely duplicative action brought by Defendant Ghosal in Montgomery County. In Plaintiffs' motion to remand, they acknowledge that "[t]he operative facts and law with respect to both cases is identical." In considering motions to stay, the Court considers the potential for "inconvenience to a defendant arising from a multiplicity of suits, as well as concern with promoting efficient judicial administration." *Amdur v. Lizars*, 372 F.3d 103, 107 (4th Cir. 1967).

Although the claims in the two actions differ, the declaratory judgment sought in the Montgomery County action relates directly to Defendants' liability at issue here. Disposition of that action will most certainly resolve critical issues raised in the instant action. Accordingly, the Court finds that judicial economy and comity weigh in favor of a stay in this action pending the

outcome of the Montgomery County action in order to avoid the possibility of two separate outcomes and to save both parties the expense of litigating the same issues twice. The Montgomery County action was filed before the present action and is presently underway. The Court will lift the stay upon notice by the parties as to the outcome of the state court action.


### III.       CONCLUSION

For the foregoing reasons, Defendants DC, CSIE Corp., VA, Design Build, and Officers and Shareholders' motion to dismiss will be granted; Defendants Ghosal and CSI Engineering, P.C.'s motion to stay will  be granted; and Plaintiffs' motion to remand will be denied.  A separate order will follow.


<u>November 17, 2011</u>                              <u>                    /s/                    </u>
            Date                                         Alexander Williams, Jr.
                                                         United States District Judge